CHATELAIN, Judge,
concurring.
|TI write separately to express my concerns about two aspects of this case: (1) the need for objective medical evidence to show that Mr. Gradney was unable to return to work and (2) the majority opinion’s statement regarding Louisiana Commercial Laundry-Single Source Supply’s (LCL) argument about the trial court’s disallowance of several proffers.
It is well settled that an employee seeking temporary total disability benefits (TTD) must prove his claim by clear and convincing evidence. The “clear and convincing” standard is a heavier burden of proof than the usual civil case standard of “preponderance of the evidence” but is less burdensome than the “beyond a reasonable doubt” standard of criminal prosecution. Chatelain v. State, Dep’t of Transp. & Dev., 586 So.2d 1873, 1378 (La.1991). To prove a matter by “clear and convincing” evidence means to demonstrate that the existence of a disputed fact is highly probable, in other words, much more probable than not. Fritz v. Home Furniture-Lafayette, 95-1705, p. 3 (La.App. 3 Cir. 7/24/96), 677 So.2d 1132, 1134.
In brief, LCL argues, relying upon Wiley v. Kenneth Parker Logging, 97-1247 (La.App. 3 Cir. 3/6/98), 711 So.2d 297, that Mr. Gradney could only meet his “clear and convincing” standard of proof by introducing objective medical evidence to support his claim for TTD benefits. I agree that Wiley makes such a statement. | ¡However, my review of Bailey v. Smelser Oil & Gas Inc., 620 So.2d 277 (La.1993), the case relied upon in Wiley for that proposition, does not appear to support that statement.
In Bailey, our supreme court addressed the “clear and convincing” standard applicable in TTD cases and stated: “Disability can be proven by medical and lay testimony. The trial court must weigh all the evidence, medical and lay, in order to determine if the plaintiff has met his burden.” Id. at 281 (emphasis added) (citation omitted). After reading Bailey, I do not see where objective medical evidence is a mandatory requirement for recovery. As I see it, medical evidence is an important ingredient of the claimant’s burden of proof, but it is only part of the totality of evidence to be weighed.
Nonetheless, after examining the record of this matter, I agree with the majority’s determination relative to TTD. Even if Mr. Gradney did not provide objective medical evidence beyond April 15, 2008, that he was unable to return to work, there is no manifest error in the trial court’s evaluation of other evidence in reaching its determination that Mr. Gradney met his higher burden of proof for the short period of disability claimed.
I next address the question of proffer. Although I agree with the majority’s resolution of this issue, I further write to briefly express my concern with the majority opinion’s statement that LCL should have sought supervisory writs on the lower court’s evidentiary ruling about its proffer. I respectfully suggest that supervisory writs are not required in such a case. In fact, as I examine La.Code Civ.P. art. 1636 it is apparent that the very purpose of *1122 requiring a proffer is to preserve excluded testimony for appellate review. See Sher v. Lafayette Ins. Co., 07-2441 (La.4/8/08), 988 So.2d 186.
My review of the record indicates an initial instance where LCL mentioned the need to make a proffer. In response to that request, the trial court instructed LCL to “proffer it by deposition after the trial.” At that point, LCL neither objected to the trial court’s ruling nor sought to either “make a complete record ... or make a statement setting forth the nature of the evidence” as delineated in La.Code Civ.P. art. 1636(A). The same scenario played out in two other occasions. Without a proffer being attempted and denied,[1] I find LCL waived these objections. Id; Hudspeth v. Smith, 42,647 (La.App. 2 Cir. 11/7/07), 969 So.2d 793.

. As provided in La.Code Civ.P. art. 1636, the trial court may allow "any excluded evidence to be offered ... by deposition taken ... within thirty days subsequent to the exclusion of any such evidence or the completion of the trial or hearing, whichever is later.” Even though the trial court allowed LCL to utilize this mode of proffer, the record is void of any evidence that such mode of proffer was ever attempted.